UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYRON D. ROQUEMORE,

       Plaintiff,

v.                                  Case No.  8:13-cv-2456-T-24 EAJ

DRUG ABUSE COMPREHENSIVE
COORDINATING OFFICE, INC.
d/b/a DACCO, and MARY LYNN ULREY,

       Defendants.

_____/

**ORDER**

       This cause comes before the Court on Plaintiff's Motion to Remand.  (Doc. No. 18).

Defendants oppose the motion.  (Doc. No. 22).  As explained below, the Court concludes that the

case will be remanded.

**I.  Background**

       Plaintiff filed suit in state court against Defendants, asserting three claims: (1) violation

of the Florida Civil Rights Act ("FCRA"), (2) violation of Florida's Whistle-Blower Act

("FWA"), and (3) defamation.  (Doc. No. 2).  In the damages section of his complaint, Plaintiff

states that he is entitled to punitive damages for Defendants' intentional and reckless

indifference to his rights under the FCRA, FWA, "and by concurrent jurisdiction Plaintiff's

federally protected rights under Title VII . . . as amended by . . . § 1981."  (Doc. No. 2, ¶ 7.2).

       In response to the complaint, Defendants removed this case to this Court.  (Doc. No. 1).

Defendants state in their Notice of Removal that they contacted Plaintiff regarding the reference

to Title VII and § 1981 in the complaint, and Defendants allege that Plaintiff confirmed that the

reference was not included by mistake.  Therefore, Defendants removed this case based on

federal question jurisdiction.

Thereafter, Plaintiff filed an amended complaint, in which he deletes the reference to Title VII and § 1981.  Five days later, Plaintiff filed the instant motion to remand.

## II.  Motion to Remand

In his motion to remand, Plaintiff argues that there is no federal question present in this case and that his previous "gratuitous" reference to federal statutes has now been deleted.  The Court will assume for the purpose of this motion that the reference to Title VII and § 1981 in the original complaint was sufficient to confer federal question jurisdiction.  However, upon review of the amended complaint, any basis for federal question jurisdiction no longer exists, and the Court declines to exercise supplemental jurisdiction over the remaining claims.  Accordingly, the Court will remand this case.

Plaintiff requests that this Court award him attorneys' fees due to Defendants' removal of this case.  The Court denies Plaintiff's request, because the Court finds that Defendants did not lack an objectively reasonable basis for removal, given that it was Plaintiff, himself, that provided the basis by including a confusing reference to federal statutes in his complaint.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion to Remand (Doc. No. 18) is **GRANTED to the extent that** this case is remanded back to state court.

(2)     Plaintiff's Motion to Remand (Doc. No. 18) is **DENIED to the extent that** Plaintiff requests attorneys' fees in connection with his motion to remand.

(3)     The Clerk is directed to remand this case back to state court, to terminate all

pending motions, and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of November, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3